ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION REGARDING THE AUTHORITY AND RESPONSIBILITY OF THE DEPARTMENT OF HEALTH TO ENFORCE RULES PROMULGATED PURSUANT TO 63 O.S. 2260 [63-2260] (1981). YOU ALSO INQUIRE WHETHER THE DEPARTMENT OF HEALTH IS REQUIRED TO ENFORCE MORE RESTRICTIVE STANDARDS FOR THE LOCATION, DESIGN, CONSTRUCTION AND MAINTENANCE OF SOLID WASTE DISPOSAL SITES AND FACILITIES ADOPTED BY A LOCAL GOVERNING BODY. BECAUSE THE ANSWERS TO YOUR QUESTIONS APPEAR CLEAR FROM A READING OF THE RELEVANT STATUTES, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. PURSUANT TO 63 O.S. 2260 [63-2260], THE DEPARTMENT OF HEALTH HAS BOTH THE POWER AND DUTY, AMONG OTHER THINGS: " (5) TO ISSUE, CONTINUE IN EFFECT, REVOKE, MODIFY OR DENY, UNDER RULES AND REGULATIONS OF THE BOARD PERMITS FOR THE ESTABLISHMENT, CONSTRUCTION AND THE OPERATION OR MAINTENANCE OF SOLID WASTES DISPOSAL SITES AND FACILITIES." (EMPHASIS ADDED) THE DEPARTMENT FURTHER HAS THE RESPONSIBILITY: "(6) TO MAKE INVESTIGATIONS AND INSPECTIONS WHICH IT DEEMS NECESSARY TO INSURE COMPLIANCE WITH THIS ACT OR THE RULES AND REGULATIONS PROMULGATED UNDER AUTHORITY OF THIS ACT." FINALLY, THIS STATUTE PROVIDES THAT NOTWITHSTANDING THE FOREGOING: (A)NY LOCAL GOVERNING BODY MAY BY ORDINANCE OR RESOLUTION ADOPT STANDARDS FOR THE LOCATION, DESIGN, CONSTRUCTION, AND MAINTENANCE OF SOLID WASTES DISPOSAL SITES AND FACILITIES MORE RESTRICTIVE THAN THOSE ADOPTED BY THE STATE DEPARTMENT OF HEALTH UNDER THE PROVISIONS OF THIS ACT." THE PLAIN LANGUAGE OF THE LAST ABOVE QUOTED PROVISION CLEARLY PROVIDES THAT LOCAL GOVERNING BODIES MAY ADOPT MORE RESTRICTIVE STANDARDS THAN THOSE OF THE DEPARTMENT OF HEALTH HOWEVER, THE PROVISIONS OF 63 O.S. 2260 [63-2260](5), WHICH ACTUALLY CONFER AUTHORITY UPON THE DEPARTMENT TO ENFORCE THE ACT BY ISSUING, REVOKING, MODIFYING OR DENYING A PARTICULAR LICENSE, AUTHORIZES SUCH ACTION "UNDER RULES AND REGULATION OF THE BOARD, N ONLY. THIS BEING SO, THERE APPEARS TO BE NO AUTHORITY FOR THE DEPARTMENT TO INTERVENE ON BEHALF OF A LOCAL GOVERNING BODY TO ENFORCE THAT BODY'S REGULATIONS. YOU ALSO ASK WHETHER THE DEPARTMENT OF HEALTH HAS THE RESPONSIBILITY TO ENFORCE ITS RULES PROMULGATED UNDER SECTION 63 O.S. 2260 [63-2260]. THE PLAIN LANGUAGE OF THE STATUTE CONFERS BOTH THAT POWER AND THAT DUTY. HOWEVER, IT IS WELL SETTLED THAT WHERE THE ESTABLISHED FACTS EMPOWER AN ADMINISTRATIVE AGENCY TO TAKE PARTICULAR REMEDIAL ACTION, THE DETERMINATION OF WHETHER IT SHOULD TAKE THAT ACTION GENERALLY RESTS WITHIN THE SOUND DISCRETION OF THE AGENCY. SAN FRANCISCO MINING EXCHANGE V. SECURITIES AND EXCHANGE COMMISSION,378 F.2d 162
(9TH CIR. 1967). GENERALLY, THOSE ENGAGED IN PROSECUTORIAL OR ENFORCEMENT ACTIVITIES ARE ALLOWED A WIDE DISCRETION AND CONSIDERABLE LATITUDE TO DETERMINE WHEN AND AGAINST WHOM CHARGES ARE TO BE FILED. THIS IS NECESSARILY SO DUE TO THE LIMITED RESOURCES AVAILABLE TO AGENCIES, THE NECESSITY OF ESTABLISHING PRIORITIES, THE NATURE OF A PARTICULAR VIOLATION OF LAW, THE NEED FOR SOME ABILITY TO SETTLE DISPUTES, THE FACTS UNDER CONSIDERATION BY AN AGENCY, AND SO ON. TERMINAL FREIGHT HANDLING V. SOLIEN,444 F.2d 699 (8TH CIR. 1971). (SUSAN BRIMER LOVING)